[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO SET ASIDE VERDICT AND FOR NEW TRIAL (#146)
A jury of six following a contested hearing returned a plaintiff's verdict against the defendant Rodney L. Davis. The jury awarded compensatory damages of $30,782.15 and punitive damages of $15,000.00, finding in favor of the plaintiff as to the first count of his amended complaint which charged the defendant with intentional assault. As to the third count, the jury returned a plaintiff's verdict against both defendants, finding that they had engaged in a fraudulent conveyance to the detriment of the plaintiff.
The defendants advance several grounds of error as bases for setting aside the verdict and ordering a new trial.
Suffice it to say, there was ample evidence to support the verdict the jury rendered, including its award of damages. "[An] award of [compensatory] damages for pain and suffering is peculiarly within the province of the trier, and will be sustained, even though generous, if it does not shock the sense of justice. [Cases cited]. The test is whether the amount of damages awarded falls within the necessarily uncertain limits of fair and just damages." Campbell v. Gould, 194 Conn. 35, 42 (1984). The court finds that the amount of the award, while generous, meets the prescribed test. Likewise, the basic requirement justifying an award of punitive damages was factually met and before the jury. Triangle Sheet Metal Works, Inc. v. Silver, 154 Conn. 116, 128
(1966).
There was ample evidence presented, within the purview of the applicable standard of proof, to establish that the defendants had, on August 1, 1991, participated in a fraudulent conveyance. Sec.52-552, Conn. Gen. Stat. (Rpld. eff. October 1, 1991).
The court's charge as given was consistent with matters discussed, including requests of the parties, during a prior charge conference. P.B., Sec. 318A.
The defendants took three exceptions to the charge. The court re-instructed the jury as to the meaning and intent of exhibits 19 CT Page 9952 and 20 and the distinction between a stipulation and the contents of the exhibits. The supplemental instruction addressed the defendants' concerns. The remaining exceptions (2) were without merit or addressed matters adequately covered by the charge as given.
The defendants' remaining claims of error are without merit or rely on matters not a part of the record. The court does not find the verdict to be contrary to law or the evidence; or that the jury did not correctly apply the law to the facts in evidence; or that the jury was governed by ignorance, prejudice, corruption, or partiality. Vickers v. Jessup, 32 Conn. App. 360, 370 (1993). Accordingly, the motion to set aside the verdict and for a new trial is denied, and judgment may enter on the verdict.
GAFFNEY, J.
Judgment enters in accordance with the foregoing Memorandum of Decision
Michael Kokoszka, Chief Clerk